**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4742**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

NICHOLAS ANTONIO COOPER,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (1:07-cr-00328-JAB-1)

———————

Submitted:  April 18, 2014              Decided:  April 24, 2014

———————

Before KING, GREGORY, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William S. Trivette, Greensboro, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Antonio Cooper appeals the eight-month sentence of imprisonment imposed by the district court after revocation of his supervised release. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether Cooper's sentence is plainly unreasonable. Although notified of his right to do so, Cooper has not filed a supplemental brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not "'plainly unreasonable.'" Id. (quoting United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006)). "In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable." Id. Only if we so find, will "we . . . then decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439.

Here, the district court correctly calculated Cooper's advisory policy statement range and considered the 18 U.S.C. § 3553(a) (2012) factors applicable to sentencing upon revocation of supervised release. The district court also adequately explained the basis for Cooper's sentence. Thus, we

2

conclude that the district court did not abuse its discretion in sentencing Cooper.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cooper, in writing, of his right to petition the Supreme Court of the United States for further review. If Cooper requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cooper. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>